**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RYAN CASTANEIRA, | : | PRISONER CIVIL RIGHTS |
| on behalf of himself and those | : | 42 U.S.C. § 1983 |
| similarly situated, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN OWENS, | : | CIVIL ACTION NO. |
| Commissioner in his individual and | : | 1:13-CV-0669-TWT-JFK |
| official capacities, | : | |
| Defendant. | : | |

<u>**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**</u>

Plaintiff, Ryan Castaneira, confined in Johnson State Prison, in Wrightsville, Georgia, has submitted a *pro se* civil rights complaint.  By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

**I.       <u>28 U.S.C. § 1915A Standard</u>**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  <u>See Sibley v. Lando</u>, 437 F.3d 1067, 1070 (11th Cir. 2005); <u>see also Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  "Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. . . .  Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]"  <u>GJR</u>

Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or federal law.  Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.   **Discussion**

Plaintiff brings this action against Brian Owens, Commissioner of the Georgia Department of Corrections, in his individual and official capacities and states that he brings the action on behalf of himself and those who are similarly situated.[1]  (Doc. 1

---

[1]Plaintiff may not proceed on behalf of other prisoners.  See Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (citing Massimo v. Henderson, 468 F.2d 1209,

at 1).   Plaintiff contends that officials have told him he cannot participate in a community-based training program because of the nature of his convictions, because his maximum release date is years away, and because he has no tentative parole month at this time.  (Id. at 3-4).  Plaintiff asserts that O.C.G.A. § 42-5-59 entitles him to proper consideration for a community-based training program based only on the statutory requirement of trustworthiness. (Doc. 1 at 6).  Plaintiff claims that under the Due Process Clause he has a constitutionally protected right to be properly considered for work/training programs and that the denial of that right affects his fundamental right to earn a living, interferes with his ability to hire counsel, and negatively impacts his parole prospects.  (Id. at 11-13).  Plaintiff seeks declaratory and injunctive relief and damages.  (Id. at 14-17).

The Due Process Clause protects persons against deprivations of "life, liberty, or property without due process of law[.]"  U.S. Const. Amends. V, XIV.  However, there is no federal constitutional right to a prison job, work release, or any particular type of prison employment.  See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 n.3 (5th Cir. 1995) (listing cases, including Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986)); Francis v. Fox, 838 F.2d 1147, 1149 n.7 (11th Cir. 1988) (stating there is

1210 (5th Cir. 1972)).

4

"no constitutional right to conditional release before expiration of valid sentence" (citing <u>Greenholtz v. Inmates of the Neb. Penal and Corr. Complex</u>, 442 U.S. 1, 7 (1979))).  Further, to the extent that State law and regulations create any interest that could be protected by the Due Process Clause, the protected interest is limited to freedom from restraint (1) that exceeds the sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or (2) that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Magluta v. Samples</u>, 375 F.3d 1269, 1282 (2004) (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 483-84 (1995)) (internal quotation marks omitted).

Plaintiff fails to state a claim.  To the extent that O.C.G.A. § 42-5-59 creates any type of interest in prison employment programs and Defendant has denied Plaintiff access to those programs, relief based on the Due Process Clause is unavailable because Plaintiff is not subject to confinement that exceeds his sentence in a manner that triggers the Due Process Clause of its own force or that is atypical or imposes a significant hardship.  See <u>Dominique v. Weld</u>, 73 F.3d 1156, 1161 (1st Cir. 1996) ("[W]ithdrawal of work release privileges did not meet <u>Sandin</u>'s threshold test of working a 'significant and atypical hardship in relation to the ordinary incidents of prison life.'  While we may regret the disappointment and frustration inherent in such withdrawal, the hardship was not 'atypical.'" (citation omitted)).  This action must be

5

dismissed.

**III.**   **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be

**DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, this 4th day of June, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6